### SEIDLER v. MAXFIELD et al.

*(Supreme Court of New Mexico. January Term, 1889.)*

MINES AND MINING—LOCATION NOTICE—PAROL EVIDENCE.
   Parol evidence is admissible to show that a monument mentioned in a location notice is in fact a permanent monument, though not so designated. Following *Seidler* v. *Lafave, ante,* 369, same case 20 Pac. Rep. 789.

Appeal from district court, Sierra county; HENDERSON, Judge.
Ejectment by Charles Seidler against A. J. Maxfield *et al.* Verdict and judgment for defendants, and plaintiff appeals.
*Elliott & Pickett,* for appellant.   *Bell & Bell,* for appellees.

BRINKER, J.   This was an action of ejectment to recover the possession of a portion of a mining claim known as the "Miner's Dream." On the trial it appeared in evidence that Doheny, Miller, and others located the Miner's Dream claim on the 10th day of November, 1880; that it passed by mesne conveyances from them to the plaintiff; that one Lafave had some time prior to November 12, 1886, obtained possession of a portion of the original claim, and that plaintiff had sued him in ejectment for its recovery; that about the date last mentioned the case against Lafave was decided in the district court against the plaintiff; that, immediately upon such decision being announced, one Wolf proceeded to the property in dispute here, and made what he called an amendatory location of the Miner's Dream mine, in the name of and for the plaintiff; that the defendant Sparks assisted Wolf in making this amendatory location, by setting up stakes, blazing trees, and building monuments upon its corners and end lines, and that defendant Maxfield also assisted Wolf in that matter to some extent; that, while Wolf and Sparks were engaged in setting the stakes and building the monuments on the boundaries, the defendant Maxfield planted a stake at the mouth of the tunnel, and posted a notice on it claiming the mine for himself and Sparks; that, upon Wolf being apprised of what Maxfield had done, he asked Maxfield if he intended to claim the mine, and Maxfield replied that he did; that afterwards Maxfield offered, through Sparks, to waive his claim in plaintiff's favor for $1,000.   This Wolf refused to pay.   Plaintiff then offered in evidence the original location notice of November 10, 1880, and the amendatory notice of November 12, 1886, to which defendants objected, because they were not offered separately. The court sustained the objection, and the plaintiff excepted.   Plaintiff then offered to prove, by parol, that the north-east and south-east corners of the Iron King mine, referred to in the location notice of November 10, 1880, were monumented at the time the Miner's Dream was first located.   To this defendants objected. The objection was sustained, and plaintiff excepted. There was other evidence offered and excluded, which need not now be noticed.   The court directed a verdict for defendants, which was returned, and judgment rendered accordingly.   A motion for a new trial was made, denied, exceptions saved, and the case brought here by appeal.
In the case of *Seidler* v. *Lafave, ante,* 369,[1] (decided at this term,) we were called upon to determine the same questions presented here by the action of

[1] Same case, 20 Pac. Rep. 789.

the court in excluding this notice of November 10, 1880, and the parol testimony offered with it. The property in controversy in that case was a part of the mining claim located under the notice of November 10, 1880, and the property here is the remainder of it. We held in that case that the court erred in excluding the notice, and the testimony offered in connection with it, and reversed the judgment. We are entirely satisfied with the doctrine then announced, and can imagine no good reason for further discussion of the question here. That case upon this point is decisive of this.

We are convinced that the learned judge in the court below did not exclude the original notice, for the reason that it was offered in connection with the amendatory notice. The judge who presided in the *Lafave Case* presided in this. In the *Case of Lafave* he excluded the notice because, under the rule laid down in *Baxter Mountain Min. Co.* v. *Patterson*, 3 Pac. Rep. 741,[1] it was fatally defective. At the time of the trial of the case now under consideration the doctrine of the *Baxter Mountain Case* had not been questioned, and it was properly considered to be binding authority upon the district court.

As the case must be tried anew, we deem it unadvisable to pass upon the other points made by counsel.

The judgment is reversed, and the cause remanded.

LONG, C. J., and REEVES, J., concur.